<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 08-4378 (RBK) |
| v. | : | |
| J. GRONDOLSKY, | : | **OPINION** |
| Respondent. | : | |

APPEARANCES:

    JOHN RANDALL FUTCH, #08700-021
    F.C.I. Fort Dix
    Housing Unit Z-03
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro</u> <u>Se</u>

**KUGLER**, District Judge:

    John Randall Futch, a prisoner confined at the Federal Correctional Institution ("FCI") at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary sanction imposing a 90-day loss of phone, commissary and visitation privileges, for refusal to accept a program assignment (disciplinary code #306).  This Court will grant Petitioner's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and summarily dismiss the Petition, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

## I.  BACKGROUND

Petitioner is serving an aggregate 245-month term of imprisonment imposed by the United States District Court for the Southern District of Georgia, after he pled guilty to conspiracy to possess with intent to distribute 3.5 to 5 kilograms of cocaine, see <u>United States v. Futch</u>, Docket No. 02-0285 (WTM) am. judgm. (S.D. Ga. June 26, 2006), and conspiracy to defraud the United States, see <u>United States v. Futch</u>, Docket No. 02-0285 (WTM) judgm. (S.D. Ga. April 25, 2003).  Petitioner's projected release date is July 21, 2020.

Petitioner, who is currently incarcerated at FCI Fort Dix, filed this § 2241 Petition (which the Clerk received on September 3, 2008), together with the Incident Report, Petitioner's Request for Administrative Remedy dated August 1, 2008, and the rejection of his administrative remedy dated August 21, 2008.  The Incident Report charges Petitioner with refusing to accept a program assignment (code 306) on July 28, 2008.  The Incident Report indicates that a disciplinary hearing committee determined that Petitioner had committed the prohibited act and sanctioned him with a 90-day loss of commissary, visitation and phone privileges.  The rejection notice from the Administrative Remedy Coordinator at FCI Fort Dix indicates that the administrative remedy was rejected on August 21, 2008, for failure to submit the correct number of copies of attachments, without prejudice to refiling in proper form within five days.

Using a form § 2241 petition, Petitioner challenges the disciplinary sanction on the ground that the rejection of his administrative remedy violated due process.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury.  See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); 28 U.S.C. § 2243.  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

B.  Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas

corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action." Id. The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner challenges the loss of 90 days of phone, commissary and visitation privileges. The problem with the Petition is that, even if this Court were to determine that the BOP violated his rights in rejecting his appeal of the disciplinary sanction, Petitioner would not be entitled to a writ of habeas corpus because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Because a judgment in Petitioner's favor in this action would not affect the fact or duration of Petitioner's confinement, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. See Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to simple transfer between federal prisons); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas

petition without prejudice to any right to assert claims in properly filed civil complaint).[1] The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed <u>Bivens</u> complaint.[2] <u>Id.</u>

### III. CONCLUSION

Based on the foregoing, the Court grants <u>in forma pauperis</u> status and dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

        s/Robert B. Kugler
        **ROBERT B. KUGLER, U.S.D.J.**

Dated:   October 8,  , 2008

---

[1] This Court makes no finding regarding the merits of Petitioner's due process claim.

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted <u>in forma pauperis</u> status do not have to pay the filing fee. <u>See</u> <u>Santana v. United States</u>, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to <u>in forma pauperis</u> habeas corpus petitions and appeals). In contrast, the filing fee of a civil complaint is $350.00. Inmates filing a <u>Bivens</u> action who proceed <u>in forma pauperis</u> are required to pay the entire filing fee in monthly installments, which are deducted from the prison account. <u>See</u> 29 U.S.C. § 1915(b). In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action <u>in forma pauperis</u> unless he or she is in imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g). Because of these differences, this Court will not <u>sua sponte</u> recharacterize the pleading as a civil rights complaint.